**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  6:23-CR-00113** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JACOB DE LA PAZ** | **MAGISTRATE JUDGE DAVID J. AYO** |

## SCHEDULING ORDER

A status conference was held before Magistrate Judge Ayo on June 9, 2023. Present for the Government was John Luke Walker, and present for Defendant was John Luke Walker. Counsel for Jacob De La Paz made an oral motion to continue the trial of this case beyond the seventy days allowed by the Speedy Trial Act and to set the case for trial as set forth below in this Scheduling Order. Given the complexity of the discovery in this case and

☒ the nature of the pending charges,

☐ the number of Defendants,

☐ Defendant's need for additional time to file motions,

☐ the pendency of Defendant's Motion to Suppress (ECF No. ),

☐ the pendency of Defendant's discovery motion(s) (ECF No(s).  and ),

the Court finds that this additional time is reasonable and necessary for effective preparation by counsel for Defendant and the Government, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting this continuance outweigh the public's and Defendants' rights in a speedy trial.

Accordingly;

**TRIAL** is **SET** before Judge Joseph on September 25, 2023 at **9:00 a.m.** Trial is anticipated to last 4 days, not including jury selection. A **pretrial conference** will be **HELD** in the chambers of Judge Joseph on September 6, 2023 at 10:30 a.m. Attendance by trial counsel is required. The pretrial deadlines are as follows:

1. June 16, 2023  
   7 days after issuance of scheduling order  
   **Defendant's Request for Discovery.** Government's response is due 7 days from discovery request. See Rule 16(a)(1).

2. June 26, 2023  
   15 days after issuance of scheduling order  
   **Government's Request for Discovery.** Defendant's reciprocal is due 7 days from discovery request. See Rule 16(b)(1).

3. July 27, 2023  
   60 days before trial  
   **Expert Witness Disclosure** by party with the burden of proof.

   **Notice Deadline** (see e.g. Fed. R. Crim. P. 12.2, 12.3; Fed. R. Evid. 404(b), 413, 414).

4. August 16, 2023  
   40 days before trial  
   **Expert Witness Disclosure** by party without the burden of proof.

5. August 28, 2023  
   30 days before trial  
   **Motions Deadline** (e.g. suppression motions, Daubert motions, motions in limine, etc.). Oppositions are due 5 days after service of motion. Reply briefs accepted only with leave of court requested 3 days after service of opposition.

6. September 5, 2023  
   21 days before trial  
   **Applications for Writ of Habeas Corpus ad testificandum** (i.e. to produce witnesses who are currently incarcerated). Such applications must describe specifically why the testimony is necessary.

   **List of Foreseeable Issues, Proposed Voir Dire, Proposed Jury Instructions.** [1]

---

[1] For instructions regarding these documents, *see* Appendix, § I.

7. September 5, 2023  
   2 days before Pretrial Conference

   **Deadline to submit plea packet.**[2]

8. September 11, 2023  
   14 days before trial

   **Applications for subpoena(s)** pursuant to Fed. R. Crim. P. 17(b) (*i.e.*, Defendant unable to pay)

9. September 20, 2023  
   5 days before trial

   **Witness Lists** (with witnesses designated as "fact" or "expert," and the expected length of testimony).

   **Exhibit Lists** and **Bench Books** are to be provided to the Court and opposing parties. [3] Witnesses or evidence called/offered solely for impeachment need not be included.

   **Real Time Glossary**. Each party shall provide to the court reporter a glossary of all terms likely to be stated on the record during trial that are technical, scientific, medical, or otherwise uncommon.

Signed at Lafayette, Louisiana on this 9th day of June, 2023.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* Appendix, § IV.
[3] Absent permission otherwise, counsel must provide 2 sets of bench books to chambers, 1 set to the Courtroom Deputy, and 1 set to each opposing party; counsel must also provide the Courtroom Deputy with a flash drive containing all trial exhibits. Prior to jury selection, counsel must deliver 1 complete set of bench books to the courtroom for the use of testifying witnesses at trial.

# Appendix

## I. Pretrial Conference

### A. List of Foreseeable Issues

For discussion at the pretrial conference, counsel will file a list of **ALL** foreseeable issues that will arise on admissibility of evidence, burden of proof, and any other issues that can or must be dealt with in advance of trial. The purpose to be served is to eliminate, to the extent possible, delays during the course of the trial, and to permit advance preparation and research of issues expected to be raised at trial. The issue list will include counsel's opinion whether a pretrial hearing will be necessary to resolve any of these foreseeable issues. Examples of such issues which may require a hearing include, but are not limited to:

1. Extrinsic evidence questions under *U.S. v. Beechum*, 582 F.2d 898 (5th Cir. 1978);
2. Voluntariness of statements under 18 U.S.C. § 3501;
3. Admissibility questions; and/or
4. Any other issue resolvable by a pretrial hearing.

The following topics will also be discussed at the pretrial conference:

1. Estimated time required by each side to put on its case;
2. Marking of documents for identification;
3. Waivers of foundation of documents where possible;
4. Exchange of *curriculum vitae* of expert witnesses and/or stipulation of expert qualifications;
5. Pending discovery problems;
6. Consideration of making Jencks Act material available to the defendant prior to the testimony of all witnesses;
7. Jury instructions/*voir dire* problems; and
8. Any other relevant matter necessary for the smooth progress of the trial.

### B. Proposed Voir Dire

Counsel may submit proposed voir questions pertinent to a party or the case. Counsel are not to duplicate questions contained in the Court's boilerplate voir dire.[4]

### C. Jury Instructions

---

[4] The Court may accept oral testimony in lieu of a written, stipulated factual basis for the guilty plea.

Fifth Circuit Pattern Jury Instructions requested by the parties should be referenced only by their numbers. Each non-pattern instruction must be accompanied by a brief stating the statutory and/or jurisprudential authority for the instruction. Fifth Circuit authority is preferable. A simple case citation will not be sufficient.

## II.  Continuances

Any request for a continuance of the trial setting or a pretrial deadline **MUST** include the specific reasons why the scheduled trial date or pretrial deadlines do not afford sufficient time, the exact amount of additional time requested and, if the party is requesting a trial continuance, the motion **MUST** include the relevant provision(s) of 18 U.S.C. § 3161 authorizing the continuance.  Continuance requests MUST comply with the Court's Standing Order regarding timely filing motions to continue. *See* Standing Order at **www.lawd.uscourts.gov** – under Chambers tab for Judge David C. Joseph.

## III.  Other Requirements

A courtesy copy of all material required by this Scheduling Order should be submitted directly to chambers in order to facilitate prompt attention to all matters. Courtesy copies should be e-mailed to joseph_motions@lawd.uscourts.gov. All electronic submissions should be in Microsoft Word format.

## IV.  Guilty Plea and Sentencing Procedures

### A. Guilty Pleas

Prior to the taking of a guilty plea, counsel are to submit a plea packet to the Court, which includes each of the following documents:

1. The plea agreement;
2. An affidavit of understanding of maximum penalty and constitutional rights;
3. The elements of the offense;
4. A stipulated factual basis for the guilty plea[5]; and
5. A consent decree of forfeiture in appropriate cases.

Absent good cause, guilty pleas will not be set until after receipt of the foregoing documents, signed by defendant and all counsel.

---

[5] Upon a showing of good cause, the Court will accept oral testimony in lieu of a written, stipulated factual basis for the guilty plea.

**B. Sentencing**

Presentencing memoranda must be filed by counsel under seal at least seven (7) days prior to the scheduled sentencing date, with a confidential copy submitted directly to the Probation Office. *See* LCrR 32.2. Any response thereto must be filed under seal, with a confidential copy submitted directly to the Probation Office, at least three (3) days prior to the scheduled sentencing date. The submission of a presentencing memorandum <u>does not</u> relieve the parties from the obligation of providing the probation officer with written objections to the presentence report within fourteen (14) days from the day of disclosure. *See* Fed. R. Crim. P. 32(f); LCrR 32.1.